**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIRSHA BROWN,<br><br>                        Plaintiff,<br><br>vs.<br><br>PRECISION OPINION,<br><br>                        Defendant. | Case No. 2:11-cv-00392-PMP-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #3) |

This matter is before the court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #3) filed March 24, 2011.  Previously, Plaintiff filed an incomplete Application, and the court directed her to file a new Application on or before April 15, 2011.  Plaintiff complied.  This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

1  deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.
2  1995).

3        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
4  failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a
5  ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.
6  2000). A properly pled complaint must provide a short and plain statement of the claim showing that
7  the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,
8  555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels
9  and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129
10 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as
11 true all well-pled factual allegations contained in the complaint, but the same requirement does not
12 apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action,
13 supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the
14 complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.
15 *Twombly,* 550 U.S. at 570.

16       The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. §
17 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the
18 Constitution has been violated, and the deprivation was committed by a person acting under color of
19 state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their
20 official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not
21 be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983
22 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26
23 (1991).

24       Plaintiff's Complaint alleges that Defendant Precision Opinion, her former employer,
25 intentionally discriminated against her based in race, gender, disability, and marital status. She asserts
26 her requests for accommodation of her disability were refused. Plaintiff alleges she was ultimately
27 discharged from her employment, and Defendant failed to pay her wages she earned in the amount of
28 / / /

1  $500.00.  Plaintiff states the Department of Labor refused to allow her to file a wage complaint on
2  March 11, 2011.

3        A.      **Claims Under Title VII and the ADA.**

4        It appears Plaintiff is attempting to state a claim for discrimination under Title VII of the Civil
5  Rights Act.  *See* 42 U.S.C. § 2000e *et seq.*  Because Plaintiff also alleges she was discriminated against
6  based upon disability, she may also be attempting to state a claim under the Americans with Disabilities
7  Act (the "ADA"), 42 U.S.C. §§ 12101 *et seq.*  Title VII allows persons to sue an employer for
8  discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted
9  both state and Equal Employment Opportunity Commission (EEOC) administrative procedures.
10 Similarly, the ADA allows a party to sue an employer for discrimination on the basis of disability if he
11 or she has exhausted his or administrative remedies.  To exhaust state procedures, plaintiff must seek
12 enforcement of state anti-discrimination laws by filing a claim with the Nevada Commission on Equal
13 Rights within 180 days of the alleged discrimination.  Nev. Rev. Stat. §§ 233.160(1)(b); *see also*
14 613.330(1)(a) (state employment anti-discrimination laws).  After plaintiff has exhausted state
15 administrative procedures he must file a charge of discrimination with the EEOC within three hundred
16 days of the alleged discrimination or within thirty days of termination of state proceedings.  42 U.S.C.
17 § 2000e-5.  Once plaintiff files charges with the EEOC, the commission will investigate the charges,
18 attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the
19 Attorney General if the charges are against a state or local governmental entity.  *Id.*  If the EEOC or
20 Attorney General decides not to sue, and if there is no settlement that is satisfactory to plaintiff, the
21 EEOC will issue plaintiff a right-to-sue letter, and plaintiff will have exhausted her remedies with the
22 EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the right to sue letter, plaintiff may sue in
23 federal or state court.  *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110
24 S.Ct. 1566, 108 L.Ed.2d 834 (1990).

25       Plaintiff has not alleged she filed any complaint with either the EEOC or the Nevada Equal
26 Rights Commission concerning her discrimination claims.  It does not appear that she has exhausted her
27 administrative remedies, and her claims under Title VII and the ADA will be dismissed with leave to
28 amend.  Plaintiff is informed that the court cannot refer to a prior pleading (i.e., her original complaint)

in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**B.     FLSA Claim.**

Plaintiff also alleges Defendant failed to pay her for wages earned after she was terminated.  This is a matter to be determined under state law rather than under the federal wage and hour law, the Fair Labor Standards Act (FLSA"), 29 U.S.C. § 201, *et seq.  See, e.g., California Diaries, Inc. v. RSUI Indem. Co.*, 617 F.Supp.2d 1023, 1046-47 (E.D. Cal. 2009) (noting there was no similar counterpart under FLSA to California statute authorizing right of action where employer failed to pay wages earned within certain time frame upon termination); *see also Field v. American Mortg. Exp. Corp.*, 2009 WL 3562423 at *4 (N.D. Cal. 2009) (no support for proposition that an employer's failure to pay unpaid wages at termination constitutes violation under FLSA).  Accordingly, Plaintiff's claim for unpaid wages will also be dismissed with leave to amend.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of the Court shall file the Complaint.
4. The Complaint is DISMISSED for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff shall have until **May 4, 2011,** to file her Amended Complaint, if she believes she can correct the noted deficiencies.  If Plaintiff

chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., her original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the dismissal of this case, without prejudice.

Dated this 4th day of April, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE